Bronson, J.
 

 The complainant filed a bill for specific performance in 1830, which, in substance, was based on the same case which he makes by the present bill. It is true, that on that occasion he set up a verbal agreement, by which the defendant was to convey the land on the south-east side of the road in payment for the improved land which the complainant surrendered on the opposite side of the road. But he also set forth the written contract, and insisted then, as he does now, that by surrendering the improvements he had paid for the lands o.n the south-east side of the road, and was entitled to a conveyance. The prayer of the bill was such that the court might have decreed a specific performance of either the written or the verbal agreement. Indeed,' the two agreements related to the same subject matter on both sides; and it is impossible to deny that the matters in controversy in that suit, so far as substance is concerned, were the very same which are in controversy in this suit. The defendant answered the bill; the complainant filed a replication, and entered an order to produce witnesses; but no proofs were taken. In May, 1841, the defendant brought the cause to a hearing; and no one appearing for the complainant, the bill was dismissed. If the cause had actually been heard, and the bill had then been dismissed, without any direction that it should be without prejudice to another suit, there can
 
 *115
 
 be no doubt that it Avould be a bar to another bill for the same cause. And if proofs had been taken, I should be of opinion that it was a bar to another suit. But as no proofs had been taken, and the bill was dismissed in consequence of the default of the complainant to appear at the hearing, I have regarded it as a dismissal of the bill for want of prosecution, and only equivalent to a nonsuit at law. So the matter was viewed by Chancellor Kent, when the cause was set down for a hearing on bill and answer, and the bill was dismissed on the default of the complainant to appear.
 
 (Rosse
 
 v.
 
 Rust,
 
 4
 
 John. Ch.
 
 300.) But my brethren are of opinion, that as the bill was dismissed after publication had passed, it was the same thing, in legal effect, as though the cause had been brought to a hearing on pleadings and proofs; and that ..the former suit is a bar to the present one.
 
 (Byrne
 
 v.
 
 Frere, 2 Molloy,
 
 157.) It follows, that the decrees of the vice chancellor and the supreme court must be reversed, and the bill be dismissed.
 

 Ordered accordingly.1