## DANFORTH *vs.* HERBERT.

[BILL IN EQUITY TO ESTABLISH RESULTING TRUST IN SLAVES.]

1. *When resulting trust will be established in equity.*—Where the surviving brothers and sisters of a decedent agree, that the money arising from the sale of his lands may be appropriated to the use and support of their father and mother, during the rest of their lives; and one of them, having the money in his possession, invests it in the purchase of a slave, taking the title in his own name, a resulting trust arises, at the election of the other brothers and sisters, in their favor; but, when they file a bill to establish and enforce such trust, they must allege that the slave was purchased and paid for with the trust funds.

2. *Dismissal of bill without prejudice.*—When a bill is defective for want of necessary allegations, but the evidence shows that the plaintiffs have a good cause of action, the bill should not be dismissed absolutely; and if the chancellor, on final hearing on pleadings and proof, dismisses the bill absolutely, the appellate court will so far reverse his decree as to order the dismissal to be without prejudice.

APPEAL from the Chancery Court of Madison.

Heard before the Hon. JOHN FOSTER.

The material facts are stated at sufficient length in the opinion of the court.

WALKER, CABANISS & BRICKELL, for appellant.

ROBINSON & JONES, *contra.*

WALKER, J.—The purpose of the bill in this case was, to establish a trust in favor of the complainants and the defendants, in a certain negro woman Sylvia, and her increase, the legal title to which was in one of the defendants, as the administrator of John G. Finch, deceased. The case made by the bill is, that the brothers and sisters of James L. Finch deceased, as his heirs, were entitled to a tract of land; that by agreement it was sold, with a view to appropriate the money arising from the sale, with the interest thereon, to the benefit of their father and mother; that Henry Finch, who had the money in his charge, died ; that the remainder, not appropriated, after his death was delivered by his administratrix to John G. Finch, who bought the negro woman, Sylvia, and took the title to himself. If the bill had averred, that John G. Finch purchased the slave with the money received from the administratrix of Henry Finch, deceased, which belonged to the brothers and sisters of James L. Finch, deceased, or to those who had succeeded to their rights, then John G. Finch would have been, at their election, a trustee for them. But unfortunately the bill does not contain such an averment. It does not even allege, that the money received by John G. Finch from the administratrix of Henry Finch was equal in amount to the purchase-money of the slave. All disclosed by the bill may be true, and yet it may be that John G. Finch purchased the slave with his own money, and at a price greatly exceeding the money received from the representative of Henry Finch. The bill fails, therefore, to make out a trust upon the ground of the ownership of the purchase-money of the slave.

It is alleged in the bill, also, that the purchase was made by verbal agreement of all the parties interested in the money. It does not appear, that the agreement was for the purchase to be made with the funds above named, or that it should be made for those parties. This allegation, therefore, is not one upon which we can predicate

the inference of a trust. It is true that we can make out, by inference and argument from the bill, that John G. Finch purchased for and with the money of the persons for whom a trust is claimed. But that is not enough. We can only sustain the equity of the bill upon facts alleged; we cannot sustain it upon facts inferred. The bill fails to show a trust in favor of the parties alleged; and, therefore, being without equity, it was properly dismissed.

[2.] It would have comported with our wishes and sense of justice to have decided this case upon the merits, as disclosed in the evidence; and we had prepared to do so, before we detected the deficiency in the bill. Our examination of the evidence convinces us, however, that the chancellor ought to have dismissed the bill without prejudice. His decree must, therefore, be reversed, and a decree must be here rendered, dismissing the complainants' bill without prejudice to their right of instituting another suit; and the appellants must pay the costs of the court below, and of this court.