(110 So. 566)

**IRWIN v. ALABAMA FUEL & IRON CO.**
(7 Div. 519.)

(Supreme Court of Alabama. Oct. 22, 1925. Rehearing Denied Dec. 9, 1926.)

1. **Judgment ⬦⬗540—Doctrine of res judicata rests on principle that matters once adjudicated are settled.**

Doctrine of res judicata rests on primary principle that matters once adjudicated are settled.

2. **Judgment ⬦⬗584—Requisites to application of doctrine of "res judicata" are identity of parties and subject-matter.**

Requisites to valid judgment in personam, as respects doctrine of "res judicata," are identity of parties and subject-matter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Res Adjudicata.]

3. **Judgment ⬦⬗713(2)—Judgment is conclusive as to matters litigated, or which might have been litigated, under issues.**

Judgment is conclusive as to questions directly litigated, or which might have been litigated, within general issues tried.

4. **Judgment ⬦⬗584—To be "res judicata," judgment must be rendered on merits by court of competent jurisdiction having jurisdiction of parties and subject-matter.**

Judgment, to be "res judicata," must be judicial action of court of competent jurisdiction having jurisdiction of classes of controversies involved and of parties and subject-matter, and must be rendered on merits.

5. **Infants ⬦⬗74—Infant is real party to suit by next friend.**

Though next friend suing for infant is party for some purposes, infant is real party to suit, and his rights are those litigated, and recovery belongs to him.

6. **Death ⬦⬗25—Distributee sui juris may compromise claim for wrongful death (Code 1923, §§ 5696, 7600).**

Suit by administrator for wrongful death of his intestate, under Code 1923, § 5696, or section 7600, is for benefit of distributees of estate, and not for estate, and distributee who is sui juris may compromise claim and give release valid in equity.

---

**7. Judgment ⊗⟹677—One not party is concluded by record if he is real party in interest, or is represented by party legally entitled to do so.**

One not a party to record is concluded by judgment if he was real party in interest, or if he is represented as to his rights by party legally entitled to represent him.

**8. Judgment ⊗⟹688—Decree in infant's suit by next friend to set aside settlement of claim for wrongful death held conclusive in administratrix's action for damages for such death.**

Decree on merits in infant's suit in equity by next friend to set aside settlement of claim for wrongful death *held* conclusive in subsequent action by administratrix for damages for wrongful death, infant distributee being real party and fraud in procuring settlement being involved in both cases.

**9. Judgment ⊗⟹570(5)—Decree dismissing bill on pleadings and proof held decision on merits.**

Decree of chancery court dismissing bill on consideration of pleadings and proof *held* decision on merits, notwithstanding recital thereof that "complainant is not entitled to relief in this suit."

**10. Judgment ⊗⟹570(11)—Binding effect of equity decree dismissing case on merits held not affected by mere defects of pleading.**

Binding effect of decree of equity court, having general jurisdiction of case, dismissing case on merits, is not affected by mere defects of pleading, such as failure sufficiently to show inadequacy of legal remedies.

**11. Infants ⊗⟹92—Bill of infant to set aside settlement of claim for wrongful death for administrator's fraud held to present ground for equitable relief.**

Bill by infant, suing by next friend, to set aside settlement of claim for wrongful death because of administrator's fraud, after removal of administrator by probate court for such fraud, *held* to present ground for equitable relief; remedy at law being inadequate.

**12. Infants ⊗⟹112—Failure of next friend to properly prosecute suit cannot avoid decree on collateral attack.**

Failure of next friend suing for infant to properly prosecute suit in equity cannot avoid decree therein on collateral attack.

**13. Infants ⊗⟹111—Flagrant neglect of duty by next friend suing for infant may be fraud furnishing ground for equitable relief in direct proceeding.**

Next friend, suing for infant, occupies fiduciary relation, and·flagrant neglect of duty resulting in sacrifice of infant's rights may be fraud which, if participated in by opposing party, may furnish ground for equitable relief in direct proceeding.

**14. Judgment ⊗⟹692—Effects of judgment must be mutual, and infant properly before court is bound.**

Effects of judgment must be mutual, and an infant properly before court is as much bound by decree as any other party.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Action by Mary B. Irwin, as administratrix of the estate of Will Clelland, deceased, against the Alabama Fuel & Iron Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts are stated by the court.

W. A. Denson and G. R. Carter, both of Birmingham, for appellant.

The language of the decree set up as res adjudicata, "Complainant is not entitled to relief in this suit," meant that plaintiff had a plain and adequate remedy at law, and not any lack of merit in her contention. Hence the decree was not a bar to this suit. State v. Crane Co., 18 Ala. App. 194, 89 So. 903; Hall & Farley v. Ala. Terminal & Imp. Co., 173 Ala. 408, 56 So. 235; Williams v. Woods, 121 Ala. 540, 25 So. 619. Defendant's rejoinder does not set up a final judgment on the merits, or one tantamount thereto. The neglect or dereliction of the next friend in prosecution of the suit ought not to prejudice the rights of the infant. McLaughlin v. Beyer, 181 Ala. 437, 61 So. 62. The identity of parties and subject-matter in the two suits is necessary; and the judgment pleaded must be final, upon the merits, and decisive of the issue in the second suit. Hall & Farley v. Ala. Term. & Imp. Co., supra; McLaughlin v. Beyer, supra; Crausby v. Crausby, 164 Ala. 476, 51 So. 529; Gilbreath v. Jones, 66 Ala. 132; 1 Greenleaf, § 530; Bigelow (3d Ed.) §§ 36, 529. Not only must the two suits be between the same parties, but between them in the same capacities. 15 R. C. L. 952, 1012. The action at bar is strictly legal, and cannot be made the subject of a suit in equity; hence the equity decree cannot be pleaded in bar of this action. 15 R. C. L. 994. Absence from the decree pleaded' of the qualifying phrase "without prejudice" is not decisive. Bigelow, § 35. The decree of the probate court was conclusive of the matter sought to be litigated in the court of equity. Waring v. Lewis, 53 Ala. 622; 15 R. C. L. 996; Code 1923, § 6478.

Percy, Benners & Burr, of Birmingham, for appellee.

When a matter between the same parties has been decided on its merits by a court of competent jurisdiction, it is res adjudicata in all further proceedings between the same parties. A judgment is conclusive of the entire subject-matter of controversy, or all that properly belongs to it, or that might have been litigated and decided. Code 1923, § 7700; Tankersly v. Pettis, 71 Ala. 179, 186; 15 R. C. L. 952, 957, 964. The next friend of the minor is not the real and true party plaintiff to the cause; the minor is the real party in interest. Thomason v. Gray, 84 Ala. 559,

4 So. 394. The conclusive effect of a judgment is upon the real party in interest. 23 Cyc. 1242, 1245; Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515; 15 R. C. L. 950; Hardaway v. Drummond, 27 Ga. 221, 73 Am. Dec. 730; Archer v. Archer, 115 Ga. 950, 42 S. E. 219; Walsh v. Packard, 165 Mass. 189, 42 N. E. 577, 40 L. R. A. 321, 52 Am. St. Rep. 508; Fiene v. Kirchoff, 176 Mo. 516, 75 S. W. 608. The judgment recovered in an action under the statute (Code 1923, § 5696) is not subject to the payment of debts, but is to be distributed according to the statute of descents and distributions. The administrator is a mere conduit. Holt v. Stollenwerck, 174 Ala. 213, 56 So. 912; Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225. The minor was the real party interested in both suits, and is bound by the decree pleaded. Hunter v. Shelby Iron Co., 110 Ala. 472, 18 So. 107; Ex parte Street, 106 Ala. 102, 17 So. 779; 15 R. C. L. 1009, 1023. The decree pleaded was upon the merits. The dismissal of a bill is presumed to be an adjudication on the merits, unless the contrary is apparent on the face of the pleading or in the decree. Even though a party improperly manages his case, the judgment is conclusive. 1 Freeman on Judgments (4th Ed.) §§ 260, 270; 15 R. C. L. 983; Code of Ala. 1923, vol. 4, p. 916, chancery rule 28. The court of equity had jurisdiction of the bill to remove the administration from the probate court and to cancel the settlement as for fraud. Code 1923, § 6476; Bush v. Prescott, 76 Ark. 497, 89 S. W. 86; Jones v. Bolles, 9 Wall. 369, 19 L. Ed. 734; Perry v. Boyd, 126 Ala. 168, 28 So. 711, 85 Am. St. Rep. 17; Gewin v. Shields, 167 Ala. 596, 52 So. 887; Southern States, etc., Co. v. Whatley, 173 Ala. 104, 55 So. 620; Andrews v. Frierson, 134 Ala. 631, 33 So. 6.

### Statement.

BOULDIN, J. Mary B. Irwin, as administratrix of the estate of Will Clelland, deceased, sues to recover damages for the death of her intestate in a mine explosion. Decedent was an employee of defendant, Alabama Fuel & Iron Company, and the negligence counted upon is the failure to provide a reasonably safe place in which to perform the duties of his employment.

Defendant pleaded accord and satisfaction evidenced by written agreements of compromise and release executed by Mary Agnes Clelland, the widow, and R. L. M. Burt, a former administrator of the estate of said decedent. Briefly stated, the plea avers that the widow, being at the time the sole distributee of decedent's estate, entered into an agreement to accept $2,000 in full satisfaction of the demand now sued upon, and, in the event an unborn child of decedent should be born alive and survive one month, an additional sum of $250 should be paid for the use of the child; that accordingly $1,000 was paid to the widow, who executed her release and assignment of all further interest in the claim to defendant; that contemporaneously R. L. M. Burt was duly appointed and qualified as administrator, and thereupon $1,000 was paid to him and a release executed by him; that after the birth of the child the additional sum of $250 was paid to the administrator as agreed, and he thereafter accounted for and paid the $1,250 held by him for the use of the child into the probate court.

Plaintiff, by replication, assails the compromise and release for fraud. Briefly stated, the replication avers that Burt, the administrator, a confidential servant and employee of defendant, was appointed at its instance, acted under its advice and control, and fraudulently settled the claim for an inadequate sum in the interest of defendant; that said administrator had been removed by order of the probate court because of such fraudulent settlement. The probate proceedings are made exhibit to the replication.

Defendant, by rejoinder, pleaded res adjudicata as to the alleged fraud set up in the replication. Briefly, the rejoinder alleges that the infant child, Willie May Clelland, by her next friend, Mary B. Irwin, filed her bill in the chancery court against this defendant and Burt, individually and as administrator, seeking, among other things, to set aside, annul, and hold for naught the alleged fraudulent settlement entered into by the administrator, which cause proceeded to a final decree for defendant. The rejoinder further alleges that in the chancery suit the infant child sued by her next friend, Mary B. Irwin, who now sues as administratrix; that Mary Agnes Clelland, widow of decedent, ratified the settlement on her part and retained the money paid her, and the infant child is the only person interested in the pending suit.

The bill, answer, and decree in the chancery cause are made exhibits to the rejoinder. The bill alleged with sufficient detail the death of complainant's father under conditions rendering defendant liable in damages; that the proper measure of damages was much in excess of that paid the administrator; then sets up the alleged fraudulent appointment of the administrator, the making of the collusive settlement in substance as set up in the replication above; that the administrator had filed his accounts and vouchers for a settlement of said estate, seeking to have the probate court confirm the fraudulent settlement and discharge him from further accounting; that complainant is without adequate remedy at law to avoid the fraud about to be consummated; that in a suit to recover proper damages defendant would plead the alleged settlement as a good defense at law. The bill prayed for the removal of the administration into the chancery court, for an injunction against

further proceedings in the probate court, that the fraudulent settlement be set aside, annulled, and held for naught, and this defendant be enjoined from setting up the settlement and release in defense of any action at law for the damages due. The answer denied in detail the allegations of fraud in the settlement. Briefly stated, it averred nonliability in the first instance; that the settlement was negotiated openly and fairly with the widow of decedent under the advice and assistance of her father, W. W. Irwin; that the administrator was appointed by agreement to consummate the settlement in a lawful manner; that the amount paid in compromise of the claim was adequate, and the releases, made exhibit to the answer, were executed in good faith, without fraud or collusion.

The decree, of date March 11, 1915, reads:

"This cause was submitted at said term of this court for final decree on pleadings and proof as noted by the register, and by order of the court held for decree in vacation. Upon consideration thereof, the court is of the opinion that complainant is not entitled to relief in this suit. It is therefore ordered, adjudged, and decreed by the court that complainant's suit in this cause be and the same is hereby dismissed out of this court, and that Mary B. Irwin, the next friend of complainant, pay the cost of this suit, to be taxed by the register, for which let execution issue."

Plaintiff, by apt grounds of demurrer to the rejoinder, challenges the sufficiency of the chancery proceedings as a conclusive adjudication of the issue of fraud in the settlement. The demurrer being overruled, plaintiff filed several surrejoinders. Their substance and effect are sufficiently shown in the opinion. Defendant's demurrer to the surrejoinders being sustained, plaintiff, because of the adverse rulings of the court upon the pleadings, took a nonsuit, and prosecutes this appeal to review such rulings.

## Opinion.

It sufficiently appears from the foregoing statement that the primary inquiry is: Was the decree in the chancery suit conclusive and pleadable in this action as res adjudicata of the issue of fraud in the settlement and compromise made with the former administrator?

[1, 2] The doctrine of res adjudicata rests upon the primary principle that matters once adjudicated are settled and determined. Certain essential elements must concur in a valid adjudication. Judgments in personam require the presence of parties, who have their day in court. As to all other persons, strangers to the suit, the judgment has no effect; as an adjudication of their rights, it is as if no judgment exists. Hence, the well-known rule that when a judgment in one suit is set up as evidence of the adjudication of matters involved in a later suit, the parties to the two suits must be the same—that is, the parties sought to be concluded must have been the same in both suits. There must be identity of parties as the law defines parties in this connection. Another element is identity of subject-matter. The question at issue in the second suit must have been at issue in the former suit and adjudicated therein.

[3] In some cases it is said the point must have been directly in issue and the case decided upon that point. Such limitation must be taken in connection with the particular case in which it is applied. Thus, the rule is also generally announced that a judgment is conclusive, not only of questions actually litigated, but also of questions within the general issue to be tried, and which might have been litigated. For illustration, if a suit is brought on a promissory note, the defendant brought into court, and judgment recovered by plaintiff, it is conclusive of all defenses. If defendant pleads payment and nothing else, and the cause is tried on that issue, so long as the judgment stands unreversed it is conclusive of the execution of the note, though no plea of non est factum be interposed—conclusive that there was no want or failure or illegality of consideration, though no plea raised these issues. The scope of the issue made by the complaint in such case is whether defendant is lawfully indebted to plaintiff as evidenced by the note sued upon, and the judgment concludes that issue. This simple illustration is clear enough; but more difficult questions arise in suits at law and equity involving complicated issues of law and fact, wherein matters may be only collaterally involved and not necessary to the decision of the cause. We enter upon no wide discussion of the shadings of the law as applied in such cases.

[4] Another essential of a valid judgment is that it is the judicial action of a court with power to act in the premises—a court of competent jurisdiction. The court must first have jurisdiction of the class of controversies involved. A suit in ejectment in the probate court, or a suit to foreclose an equitable lien in a law court, could eventuate in no binding judgment for want of jurisdiction in general. But the court must also have jurisdiction of the parties and of the special subject-matter it seeks to act upon. The controversy, the res, whatever its nature, must come within the court's power to act, and be acted upon. Closely connected is the rule that the decision must be upon the merits. So, if the case goes out of court for nonjoinder or misjoinder of parties, or because no case is made of which the court has jurisdiction, there is no adjudication of the controverted issues. Of this class are cases in which equity declines jurisdiction because of adequacy of legal remedies. The effect of

such decree is to say to the party, "Whatever be your rights in the matter, you must seek them in another forum." To set up such decree as a bar, when the other forum is resorted to, is not to rely upon the adjudication made in equity, but to seek to give it an opposite effect. For a full and accurate statement of the general principles above summarized, we need only cite two leading cases, Tankersly v. Pettis, 71 Ala. 185, relied upon by appellee, and Hall & Farley v. Alabama T. & I. Co., 173 Ala. 408, 56 So. 235, relied upon by appellant.

[5] Are the parties here the same, within the law of res adjudicata? The chancery suit was by the infant distributee of the estate of the decedent, suing by next friend. The present suit is by the administratrix of the estate of decedent. The fact that the same person, Mary B. Irwin, acted as next friend and now sues as administratrix is of no importance to the question in hand. The next friend may be regarded as a party for some purposes. He is liable for costs of suit. He acts for the infant in the employment of an attorney, and, subject to direction of the court, in the management of the cause. But he has no interest in the subject-matter nor in the recovery. The infant is the real party to the suit; his rights are the rights litigated, and the recovery belongs to him. Thompson v. Gray, 84 Ala. 559, 4 So. 394; Tennessee Coal, Iron & Railroad Co. v. Hayes, 97 Ala. 201, 12 So. 98.

[6] A suit by an administrator for the death of his intestate by wrongful act, whether under the homicide statute based upon common-law liability or under the Employers' Liability Act, is for the benefit of the distributees of the estate. The recovery is not assets of the estate subject to the payment of debts. Code, §§ 5696, 7600; Burnwell Coal Co. v. Setzer, 191 Ala. 398, 67 So. 604.

"In prosecuting such action, the personal representative does not act strictly in his capacity as administrator. * * * He acts rather as an agent of legislative appointment for the effectuation of the legislative policy, and upon recovery as a quasi trustee for those who stand in the relation of distributees to the estate." Holt v. Stollenwerck, 174 Ala. 216, 56 So. 912.

[7] The cause of action is the creature of statute; the demand was not owned by the decedent so as to pass to his personal representative; the administrator is vested with a legal title for purpose of collection, but has no beneficial interest in the recovery, his duties as trustee of the fund being merely to pass it on to the owners. Hence, a distributee who is sui juris may compromise and settle his claim, and give a release valid in equity. Kennedy v. Davis, 171 Ala. 609, 55 So. 104, Ann. Cas. 1913B, 225. Under the averments of the rejoinder the widow, as a distributee, has so settled her claim, leaving the infant the sole beneficiary in the present suit by the administratrix. The parties concluded by a judgment or decree are the real parties in interest.

In the early case of Tarleton v. Johnson, 25 Ala. 300, 60 Am. Dec. 515, it was declared, after a full review of authorities, that a judgment may be binding upon one not known as a party upon the record. If his title is involved, and he appears and sets it up through another, he is bound. In fact, in cases where the defendant claims title under another, with warranty, express or implied, the warrantor may be required on notice to defend the cause for his vendee, and is bound by the result. Generally, it may be said a party is concluded by the judgment if he was represented as to his rights or interest by a party legally entitled to represent him. This includes trustees or nominal parties, made such by law for the purpose of representing the interests of others. Frank v. Myers, 97 Ala. 437, 446, 11 So. 832; Lebeck v. Ft. Payne Bank, 115 Ala. 447, 22 So. 75, 67 Am. St. Rep. 51; Wilson v. Henderson, 200 Ala. 187, 75 So. 935; 34 C. J. p. 995, § 1413; Id. page 999, § 1420.

[8] We conclude the infant distributee is a party in both suits, and that a valid decree in the chancery suit rendered upon the merits is conclusive of the questions there decided. Both suits arose out of a claim for damages for wrongful act of this defendant causing the death of decedent. The immediate subject-matter of the chancery suit was the validity, vel non, of the compromise settlement made by the former administrator. The power of the administrator to make the settlement was not questioned. Loveman v. Birmingham Ry., Light & Power Co., 149 Ala. 515, 43 So. 411. The primary purpose of the bill was the rescission and cancellation of the releases for fraud and collusion. This is the same issue presented by plaintiff's replication in the present suit. There cannot be serious question as to identity of the subject-matter.

[9] Was the chancery suit decided upon the merits? Did the parties litigate and the court decide the issue of fraud, vel non, in the settlement of the claim?

"The decree of a court of chancery, dismissing a bill, absolutely and unconditionally, on a hearing on pleadings and evidence, is an adjudication of the merits of the controversy, forming a bar to any future litigation of the same matters between the parties or their privies. A decree of that kind, not made because of insufficient pleading, or for want of jurisdiction, or for some cause not touching the merits, if not intended to be final and conclusive, is accompanied with words of qualification, with some appropriate terms, indicating that it is not intended to preclude future suit, such as that the dismissal is without prejudice. If the case is of a character that such a reservation ought to be made, and it is omitted, on appeal, the error will be corrected. Danforth v. Herbert, 33 Ala. 497; Burns v. Hudson, 37 Ala. 62. When, however, the decree

of dismissal is unqualified, it·is presumed to be an adjudication on the merits adversely to the complainant, and constitutes a bar to further litigation of the same matters between the parties. Durant v. Essex Co., 7 Wall. 109 (19 L. Ed. 154); Bigelow v. Winsor, 1 Gray [Mass.] 301; Foote v. Gibbs [1 Gray (Mass.)] 412; Kelsey v. Murphy, 26 Pa. 78; Borrowscale v. Tuttle, 5 Allen [Mass.] 377; Ogsbury v. La Farge, 2 N. Y. 113; Rosse v. Rust, 4 Johns. Ch. [N. Y.] 300; Freeman on Judgments, § 270; 2 Dan'l Ch. Pr. § 1009." Tankersly v. Pettis, 71 Ala. 185.

See, also, Strang v. Moog, 72 Ala. 460; Penny v. Mortg. Co., 132 Ala. 357, 31 So. 96; 1 Freeman on Judgments (4th Ed.) § 270; 34 C. J. p. 788, § 1206, note 95.

Appellant insists that the decree dismissing the bill should be presumed to be upon grounds going to the jurisdiction of the court, as the existence of an adequate remedy at law. This brings into view matters set up by surrejoinder. The entire record in the chancery cause is there made exhibit. It appears the respondent, by demurrer, challenged the equity of the bill; ·that by the note of testimony submission was had .upon the bill, demurrer, answer, and depositions of named witnesses. The testimony is set out in the record, and relates wholly to the issue of fraud and collusion in the settlement as made in the bill and answer.

Under the rules for the construction of the decree above declared, we hold the cause was decided upon its merits. There was no decree on demurrer. The decree recites the submission for final decree "upon pleadings and proof," and "upon consideration thereof" the unconditional decree of dismissal was rendered; it was not "without prejudice."

[10] The suggestion is made that the recital in the decree, viz., "the court is of the opinion that complainant is not entitled to relief in this suit," imports a holding that her remedy was in another forum or form of action. We cannot attribute such meaning to these words taken in .their connection. The court was dealing with the rights of a minor, the special ward of the court of chancery. If the court was of opinion that he was not called upon to decide the case upon its merits, but leave it open to complainant or those speaking for her to test the validity of the settlement thereafter, he assuredly would not have rendered the decree in the form here shown—the well-known form of a decree upon the merits of the case. It affirmatively shows the proof presented upon the issue entered into his finding and decree. The general jurisdiction of a court of equity in matters of rescission and cancellation for fraud is without question. When the case presented comes within such general jurisdiction, mere defects of pleading, such as failure to sufficiently show the inadequacy of legal remedies, do not avoid

the binding effect of a decree, rendered on the merits and not because of such defective pleading. Penny v. Mortg. Co., 132 Ala. .357, 31 So. 96.

[11] Moreover, we hold the bill did present ground for equitable relief on proof of its averments touching fraud and collusion in the settlement. The probate court had power to remove the administrator for misconduct; but such proceeding was ex parte. This defendant could not be brought before the probate court to litigate the validity of the settlement. After his removal, and the appointment of another, in any suit at law brought by the latter on the original cause of action, the settlement and release would still subsist as evidence in bar of such suit. Thus, the new administrator, acting on behalf of the infant, would have the double burden of proving liability because of negligence and also fraud by his predecessor in the settlement of the claim. Such is not an adequate remedy. It was the right of the beneficiary to go into equity in her own behalf and remove the obstacle to a fair and equal hearing at law.

[12, 13] The failure. or neglect of the next friend to properly follow up and prosecute the equity suit, if such be true as set up by surrejoinder, cannot avoid the effect of the decree on collateral attack. True, a next. friend who assumes to represent and protect the rights of an infant occupies a fiduciary relation. He owes the infant good faith and diligence. The court also has a duty in conserving the rights of infant litigants. Because of the fiduciary or trust relation assumed, a flagrant neglect of duty, ·resulting in the sacrifice of the infant's rights, may be a fraud, which, if participated in by the opposing party, may furnish ground for relief in equity. But unless set aside in a direct proceeding, the decree remains and must be given all the force the law accords a valid judgment. Moreover, no fraud in the procurement of the decree is averred. At most, the record merely shows that after tendering an issue by the bill and joinder in issue by answer, the complainant neglected to take proof, if any was available and left it open to respondent to proceed according to the rules of practice in bringing the cause to a hearing and decree on the merits.

[14] The policy of the law demands that the effects of judgments be mutual; that an infant, in court in the manner provided by law, be bound by the decree duly rendered as any other party. Any modification of such rule to meet the exigencies of a particular case would open the door to greater evils than that sought to be avoided.

McLaughlin v. Beyer, 181 Ala. 436, 61 So. 62, was a case in which the suit was dismissed because of failure of the next friend to answer interrogatories propounded under the statute. The record affirmatively showed

there was no trial on the merits, but a dismissal of the suit, instead of a removal and dismissal of the next friend, for his personal contempt of court. It is not an authority for the proposition that a decree on the merits can be collaterally assailed upon the ground that the next friend might have conducted the suit to better effect.

Affirmed.

All the Justices concur.