123 So.2d 4

John W. SUGGS

v.

ALABAMA POWER COMPANY et al.

6 Div. 425.

Supreme Court of Alabama.

Sept. 8, 1960.

Higgins, Windham, Perdue & Johnson, Birmingham, for appellant.

Martin, Vogtle, Balch & Bingham and Harold Bowron, Jr., Birmingham, for appellees.

GOODWYN, Justice.

This is an appeal by the plaintiff in a tort action from a judgment of nonsuit induced by adverse rulings on pleadings.

For the purpose of resolving the questions presented on this appeal, the case may be stated concisely as follows:

A (employee) and B (A's employer) were injured in an accident involving the automobile being driven by A and owned by B and an automobile being driven by C and owned by D, who was C's employer. B brought suit against C and D to recover damages for her injuries, charging them with negligence. On the same day A

brought a similar suit against C and D. B's suit then came on for trial. C and D, in defense of B's suit, pleaded the general issue in short by consent. The issues presented to the jury were as follows: (1) Whether C was negligent, (2) whether C was D's agent, servant or employee at the time of the accident and acting in the line and scope of his authority as such, (3) whether B was guilty of contributory negligence, (4) whether A was the agent, servant or employee of B at the time of the accident and acting in the line and scope of his authority as such, and, (5) if there should be a finding that A was such agent, servant or employee, whether A was guilty of contributory negligence. The jury returned a verdict in favor of B against C and D for $10,000 and judgment was rendered thereon.

A's suit then came on for trial. In that suit C and D filed pleas of the general issue and contributory negligence. A filed replications to said pleas to the effect that the issue of defendants' negligence had already been determined in B's suit; that at the time of the accident A was the agent or servant of B and acting in the line and scope of his authority as such, and, therefore, the question of A's negligence was also determined in B's suit; that, accordingly, the doctrine of res judicata or estoppel by judgment or verdict was applicable so as to deny to C and D the right to litigate again in A's suit the issues as to A's and defendants' negligence; that the only issue left to be resolved in A's suit was the amount of his damages.

C and D demurred to the replications. The demurrers were sustained. A declined to plead further and moved for a judgment of nonsuit because of said adverse rulings. The motion was granted and a judgment of nonsuit entered. A brings this appeal from that judgment, charging error in sustaining the demurrers.

We find no error in the trial court's rulings.

Appellant appears to have no quarrel with the general statement of the rule as set forth in Interstate Electric Co. v. Fidelity & Deposit Co. of Maryland, 228 Ala. 210, 212, 153 So. 427, 428, as follows:

"Broadly stated, the general rule is that to sustain a plea of this character, res adjudicata or estoppel by judgment, the parties must be the same, the subject-matter the same, the point must be directly in question, and the judgment must be rendered on that point. Hall & Farley v. Ala. Terminal & Imp. Co., 173 Ala. 398, 56 So. 235. And, as said in Clark v. Whitfield, 213 Ala. 441, 105 So. 200, 203, 'A judgment, to conclude either party as to the subject-matter, must be such as to work a mutual estoppel; hence a plea of res judicata, to be good, must show the parties litigant in the two suits are the same * * * or else they must be in privity of estate or blood or in law with the parties in such former action. * * * That is, a person who can claim the benefit of a judgment as an estoppel upon his adversary is one who would have been prejudiced by a contrary decision in the case.'

* * * * * *

"It is of course well settled also that a judgment is conclusive, not only upon those who were actual parties to the litigation, but also upon all persons who are in privity with them, defined by some of the authorities as 'a mutual or successive relationship to the same rights of property.' Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875. And a discussion of the question of privity in 2 Black on Judgments, § 549, demonstrates the correctness of the observation of this court in Winston v. Westfeldt, 22 Ala. 760, 58 Am.Dec. 278, that, 'technically speaking, there can be no privity, where there is not an identity of interest,' meaning, as we understand

it, identity of interest in the subject-matter of the litigation."

The general rule is thus recognized in H. G. Hill Co. v. Taylor, 234 Ala. 282, 286, 174 So. 481, 484:

"* * * In Lawrence et al. v. United States Fidelity & Guaranty Co., 226 Ala. 161, 163, 145 So. 577, it was held that in order for the judgment in the prior suit to render the question in a subsequent suit res adjudicata, the same issues of fact must have been involved, within issues pleaded or which ought to have been litigated, between the same parties or privies, and applied to the parties or privies at the time of the rendition of that judgment. Such is the generally accepted rule, as we indicated in Crowson v. Cody, 215 Ala. 150, 153, 110 So. 46; Cobbs v. Norville et al., 227 Ala. 621, 151 So. 576; Dunn v. Ponceler et al., 230 Ala. 375, 161 So. 450. * * *"

It is appellant's position that this is a case of first impression in Alabama and we should hold that it comes within an exception to the general rule to be here announced for the first time. It is argued that since A was B's agent, servant or employee and acting in the line and scope of his authority as such at the time of the accident, the issue as to A's negligence was determined in B's suit. But that is not necessarily so. Although A's replications allege that he was B's agent, servant or employee, there is nothing to indicate that the jury in B's suit necessarily resolved the issue as to A's negligence. It might well be that the jury, in finding for B, determined that A was not B's agent, servant or employee, or, if his agent, servant or employee, he was not acting in the line and scope of his authority as such. In that event there would have been no occasion for the jury to determine whether A was or was not negligent, for A's negligence would not have been imputable to B. In this situation, we see no need to discuss further the argument made by appellant insofar as A's negligence

is concerned. It should be made clear that we do not intend, by anything said, to indicate a holding, or an inclination to hold, that the doctrine of res judicata, including estoppel by judgment or verdict, or an exception thereto, would be available to A even if there had been a specific and conclusive finding in B's suit that A was not negligent. We simply do not reach that point for decision.

This brings us to the question whether the doctrine of res judicata, or estoppel by judgment or verdict, is available to A with respect to the issue of defendants' negligence.

There can be no doubt that A's cause of action is entirely separate from B's. Anything B might have done in trying her case could not prejudice A's cause of action. Each cause of action is personal. Neither arises by virtue of any relationship between A and B. There is no privity between them because neither claims through the other. As said in Mitchell v. Austin, 266 Ala. 128, 130, 94 So.2d 391, 392:

"It is well settled that a final decree is conclusive as to all facts or issues decided therein and binds not only those who were parties to the litigation but also persons who are in privity with them. Sims v. City of Birmingham, 254 Ala. 598, 49 So.2d 302.

"But the term 'privity' 'denotes mutual or successive relationship to the same right of property.' Bigelow v. Old Dominion Copper Mining & Smelting Co., 225 U.S. 111, 32 S.Ct. 641, 6-13, 56 L.Ed. 1009. And no one is in privy to a judgment whose succession to the rights of property thereby affected, occurred previously to the institution of the suit. Freeman On Judgments (5th Ed.), § 440, p. 966."

And it is to be noted that A exercised no control over B's suit. Indeed, we perceive no right he would have had to take any action whatever in the separate trial of B's

suit, including either the right to seek a new trial or to appeal.

■ As we see it, the controlling principle is that a judgment in a suit by one of several persons injured by the same tort-feasor will not operate as an estoppel in favor of or against the other injured persons in their separate causes of action against the tort-feasor. "It is a general rule that an adjudication takes effect only between those who are parties or privies to the judgment, and that it gives no rights to or against third parties." Freeman on Judgments, 5th Ed., § 407, p. 887. "Where one tortious act gives rise to causes of action in favor of two or more persons, an adverse judgment on the cause of action of one of such persons does not of itself bar an action on the other." 50 C.J.S. Judgments § 678, p. 123.

In other words, even though the identical issue as to negligence vel non of the tort-feasor has already been resolved in another case, the other injured persons and the tort-feasor are not estopped to plead negligence or the absence of negligence, as the case may be, in the trial of the subsequent suits. To be effectual there must be mutuality of estoppels. To hold that the tort-feasor cannot interpose an estoppel in the later cases, after being found not guilty of negligence in the first case, but would be bound in the later cases by a finding of his negligence in the first case would, on its face, be unfair and unjust, and do violence to the principle requiring mutuality of estoppels.

■ Although parties to a personal action are concluded by findings of law and of fact upon issues litigated therein, such findings do not affect persons who are not parties or privies to the action and judgment. Thus, if in an action it is found that one of the parties was or was not guilty of negligence, so that in another action the facts so found would be conclusive between the parties, such finding generally has no effect upon persons who were not parties or privies to the judgment. Restatement of the Law of Judgments, § 93, p. 464. As there said: "This is true although such persons were interested in the outcome of the action, or were witnesses or participated in a representative capacity for the benefit of one of the parties. They are not bound by the determination nor does it operate in their favor in subsequent actions between them and one of the parties to the action." Supporting this are the following illustrations (pp. 464–466), among others, viz.:

"7. A and B collide, harming C. C brings an action against A on the ground that A was negligent. In this action it is found that C was guilty of contributory negligence and judgment is given for A. In a subsequent action by C against B, the question as to the contributory negligence of C is not res judicata.

"8. A, a woman, brings an action against B for physical injury. Judgment is given for B on the ground that B was not negligent. C, the husband of A, who did not control the action although he testified for his wife, brings an action against B for loss of services of A. He is not concluded by the judgment in the first action."

"15. A and B are passengers in a car driven by C which collides with a car driven by D. A brings action against D and obtains judgment on the ground that D was negligent. This finding is not res judicata in a subsequent proceeding brought by B against D."

The principle is stated in 50 C.J.S. Judgments § 763, p. 289, as follows:

"In general the doctrine of res judicata requires that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which the judgment was rendered or in privity with parties thereto.

"In order to constitute a judgment an estoppel there must be a substantial identity of parties as well as of the subject matter, that is, it is necessary that the parties as between whom the judgment is claimed to be an estoppel must have been parties to the action in which it was rendered, in the same capacities and in the same antagonistic relation, or else they must be in privity with the parties in such former action."

While the public undoubtedly is interested in bringing litigation to an end, we are not convinced that such interest is so compelling as to justify a rule (assuming it would meet the requirements of due process) that an adverse finding or judgment in one of a series of suits arising out of the same accident should bind the defendant and the plaintiffs in all of the subsequent suits. "The frailties of the jury system and the possibilities that litigants will not press minor cases to the utmost, indicate that an adjudication for one party should not serve as a conclusive basis for claims by others." 61 Harvard Law Review, p. 371.

Some authorities speak of the need of liberalizing what is referred to as outmoded "technical" principles of res judicata, or estoppel by judgment or verdict, by creating exceptions thereto. However, we see nothing here calling for creation of a new exception. If the doctrine of res judicata is a matter of policy, based on the premise that litigation should be terminated without undue delay, it may be well to note that the legislature has made provision to that end in Jefferson County, where this case was tried, by authorizing the consolidation of causes. Code 1940, Tit. 7, § 221.

The judgment is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.