328 So.2d 291

**Carolyn F. ROBINSON**

v.

**Leroy BROWN, Individually and as Superintendent of Education.**

**SC 1477.**

Supreme Court of Alabama.

Feb. 27, 1976.

Rehearing Denied March 26, 1976.

Carolyn F. Robinson, pro se.

T. W. Thagard, Jr., Montgomery, for appellee.

**298**

MERRILL, Justice.

Appellant, Carolyn F. Robinson, filed a suit in circuit court against Leroy Brown, individually and in his capacity as Superintendent of Education of the State of Alabama. She asked for a declaratory judgment concerning Dr. Brown's responsibilities to her, as a non-tenured teacher, under the obligatory duties of his office defined constitutionally, statutorily and administratively. The trial court dismissed the case. We affirm.

A background statement is necessary to a clear understanding of this case. Ms. Robinson taught for one year in the Jefferson County School System. She was not tenured and her contract of employment was terminated after that year. She filed suit in the United States District Court for the Northern District of Alabama under 42 U.S.C. § 1983, alleging that the Jefferson County Board of Education's refusal to renew her contract was unconstitutional because it (1) denied her a right to a hearing under the Fourteenth Amendment and (2) was taken in retaliation for her exercise of protected First Amendment rights. The district court granted Brown's motion for summary judgment on the first claim and a

nonjury trial on the second claim. The district judge found that the board's action was taken for constitutionally permissible reasons. The Fifth Ciricuit affirmed at 485 F.2d 1381, reh. den. *en banc*, 488 F.2d 1055 (1973). The United State Supreme Court denied certiorari, 419 U.S. 862, 95 S.Ct. 115, 42 L.Ed.2d 97. The reasons given for the dismissal are stated in 485 F.2d 1381.

Ms. Robinson admitted in oral argument that she brought suit against Brown—or as she phrased it: "got a new defendant"— in order to circumvent a defense of res judicata or estoppel. The fact that her "new defendant" was the State Superintendent of Education adds no strength to her case. Had she sued the Jefferson County Board of Education in this state suit, all the essential elements of judgment by estoppel or res judicata would have been present and the principle that matters once adjudicated are settled and determined would apply. *Irwin v. Alabama Fuel & Iron Co.*, 215 Ala. 328, 110 So. 566; *Suggs v. Alabama Power Co.*, 271 Ala. 168, 123 So.2d 4.

■ The Legislature has not given the power or authority to employ or discharge teachers in elementary and secondary state schools to the State Board of Education or to the State Superintendent of Education. That power and authority was given, insofar as this case is concerned, to the County Boards of Education. Tit. 52, § 86, Code 1940.

■ The thrust of Ms. Robinson's claim is that she was discharged without cause. She chose the federal forum and she went through the District Court, the Fifth Circuit Court of Appeals and applied for certiorari to the Supreme Court of the United States, where it was denied. She then started the same suit with the same subject matter and the same issues in State Circuit Court with the exception that she had a new defendant who had no duty or responsibility in her suit.

In the federal case, the defendant was the Jefferson County Board of Education, the only body in Alabama which had the power to employ Ms. Robinson in the teaching position she held, and the only body which could discharge her. It was the only possible defendant whether the suit had been started in federal court or state court. Appellant has had her day in court in the forum of her selection.

The circuit court correctly dismissed the case because the issue had already been determined by courts of concurrent jurisdiction, and there was no proper party defendant.

AFFIRMED.

HEFLIN, C. J., and MADDOX, JONES and SHORES, JJ., concur.