331 So.2d 257 (1976)
Ella C. McGRUDER
v.
B & L CONSTRUCTION COMPANY, INC., et al.
SC 1458.
Supreme Court of Alabama.
April 16, 1976.
*258 J. Wm. Thomason, Bessemer, for appellant.
H. Powell Lipscomb, III, Bessemer, for appellee, Helen R. Justice.
DeWayne N. Morris, Birmingham, for appellees M. E. Brown and B & L Construction Co., Inc.
MERRILL, Justice.
Appellant, Mrs. Ella C. McGruder, appeals from an order of the trial court dismissing her complaint. We affirm because this same suit has been here previously and a former judgment of dismissal was affirmed.
In August, 1967, B & L Construction Company, Inc. (hereinafter B & L) contracted with appellant and her husband (now deceased) to install metal siding on their home. Appellant and her husband executed a contract promising to pay $2,390.00 and a "mortgage deed" purporting to secure the repayment. Appellant alleged that she signed the instrument solely based on representations of the owner of B & L, M. E. Brown, which were fraudulent. Brown transferred the note and mortgage to Helen R. Justice, also a defendant-appellee.
B & L impliedly warranted that the siding was reasonably fit for its intended purpose. In July, 1973, the metal siding began to fall from the residence. In August, 1974, appellant notified B & L about the falling siding.
In 1974, appellant filed an action against the same defendants as those named herein claiming substantially the same relief that she currently claims. The trial court dismissed the suit. On appeal, B & L, Brown and Justice argued that the judgment of dismissal should be affirmed because the complaint showed on its face that it was barred by the statute of limitations of six years. This court affirmed. McGruder v. B & L Construction Co., Inc., 293 Ala. 354, 303 So.2d 103.
On March 4, 1975, appellant filed the complaint in the instant case against B & L, M. E. Brown and Helen R. Justice, along with unnamed defendants. Appellant sought an injunction to restrain Mrs. Justice from proceeding with any action to foreclose the mortgage on the property described therein, pending final determination of the cause. Appellant also sought to determine whether she was obligated to satsify the indebtedness secured by the aforementioned mortgage. Finally, she demanded separate monetary judgments from Brown and/or B & L and Justice.
On December 26, 1974, appellant mailed a letter to Mrs. Justice asserting that any claim Mrs. Justice had on the mortgage was waived because Mrs. Justice failed to assert a compulsory counterclaim in the prior action as required by Rule 13, ARCP. Despite the letter, Mrs. Justice began proceedings for a foreclosure sale of the property, and it is this foreclosure appellant sought to stop.
*259 The trial court granted the motions to dismiss of B & L, Brown and Justice. Mrs. McGruder appealed.
It has long been the policy in the courts of Alabama to provide a claimant a day in court, but he will not be allowed to continue to relitigate his claim. The underlying principle of res judicata or estoppel by judgment is based upon public policy and necessity, because it is to the interest of the state that there should be an end to litigation, and that the individual should not be vexed twice for the same cause. Savage v. Savage, 246 Ala. 389, 20 So.2d 784.
The doctrine of res judicata rests upon the primary principle that matters once adjudicated are settled and determined. Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566; Suggs v. Alabama Power Co., 271 Ala. 168, 123 So. 2d 4. Those cases are also authority for the rule that to sustain a plea of res judicata or judgment by estoppel, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point.
All of these elements were present in the first case, McGruder, 293 Ala. 354, 303 So.2d 103. Appellant has had her day in court and the same issues were adjudicated, settled and determined, and that is dispositive of this case. We note that our cases also state that a judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but which could have been litigated in the former suit. Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229; Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576.
Appellant contends strongly in brief that Mrs. Justice is barred from foreclosing the mortgage because under ARCP 13(a) she was required to assert this claim in the first case and she did not; therefore, she is barred from asserting any claim on the property later. That question was presented and settled in Lawhorn v. Atlantic Refining Co., 299 F.2d 353 (5th Cir., 1962) where the court said:
"Undoubtedly, the general ruleas F. R.Civ.P. 13(a) plainly impliesis that one who has a counterclaim arising out of the same transaction or occurrence and does not advance it will be thereafter precluded from asserting it. This rule is predicated on the policy that all such related disputes between the parties should be settled in a single lawsuit. This policy is usually effectuated by relying on notions [sic] of res judicata, waiver or estoppel. We find no necessity in this case of bringing into play these specific legal concepts because the Rules themselves, under a fair construction, bring about the same result.
"Taking the Rules at face value, it is clear that a plaintiff must have a claim before a defendant is required to assert a compulsory counterclaim. A counterclaim must be pressed only when it is related to the `* * * subject matter of the opposing party's claim * * *.' F.R.Civ.P. 13(a) (emphasis added). That is what makes it a counterclaim. And it is only to such a counterclaim that the Rule attaches a compulsory character. When Atlantic's motion to dismiss was successful, it was a judicial determination that Lawhorn had no claim upon which relief could be granted. If there was no claim, no counterclaim was required."
Appellant concedes in brief that Lawhorn "supports the trial court's ruling" and that it "is highly persuasive authority for Appellee Helen R. Justice's position," but argues that it should not be followed. We cannot agree and we note that Lawhorn has been followed in more recent federal decisions. We follow the decision, and since appellant had no legal claim, the *260 counterclaim of Mrs. Justice was not required.
AFFIRMED.
HEFLIN, C.J., and MADDOX, JONES and SHORES, JJ., concur.