HOLMES, Judge.
This is a suit for work and labor. The issue is whether the suit was due to be dismissed, as the trial court found, because of the applicability of the principle of res judicata.
In July of 1974, the plaintiff, appellant here, filed the following complaint in the Elmore County Law and Juvenile Court:
“IN RE:
“WALTER OWENS ’
“VS.
“MARION WALLACE
“Plaintiff claims of the defendant the sum of $1,318.90 for work or labor done by the plaintiff at the request of Marion Wallace on a building or improvement on the following described property, viz.,
Lot 25, Plat B, Broadmoor Estates, Millbrook, Elmore County, Alabama. As same is shown by a plat made by P. J. Jennings, Registered Land surveyor, dated September 16,1965 (Revision No. 1, dated April 6, 1966) recorded in Probate Office of Elmore County, Alabama iri' Plat Book 5, at page 112.
which said indebtedness accrued on, to-wit: the 15th day of December, 1973, and is now due and unpaid.
“Plaintiff alleges that the above described property is the property of the defendant, Marion Wallace, that said work or labor was done or performed on said buildings or improvement on said land under and by virtue of a contract with the said Marion Wallace, the owner or proprietor thereof; that within six *192 months after the said indebtedness had matured, on, to-wit: the 8th day of January, 1974, plaintiff did file in the office of the Judge of Probate in the county wherein said land is situated, verified statements as required by law, copies of which are attached hereto, made a part hereof, and marked Exhibits ‘A’ and ‘B’, wherefore, plaintiff claims a lien for said amount upon said land and buildings and improvements situated thereon.”
In October of 1974, after argument before the court the defendant-appellee’s motion to dismiss the aforementioned complaint was granted. No appeal was taken from this action of the Law and Juvenile Court of Elmore County. However, in June of 1975, the plaintiff filed a motion to set aside the dismissal. This motion was filed in the Law and Juvenile Court of Elmore County. That same month the Law and Juvenile Court overruled the motion to set aside the dismissal.
In July of 1975, the plaintiff again filed suit against the defendant. This suit was brought in the Circuit Court of Elmore County and is as follows:
“WALTER OWENS,
Plaintiff,
VS.
MARION WALLACE,
Defendant.
“COMPLAINT
“Plaintiff claims of Defendant the sum of One Thousand Three Hundred Sixty and 08/100ths ($1,360.08) DOLLARS Plus costs on account of the following:
“1. Plaintiff is a resident of Autauga County, Alabama. Defendant is a resident of Elmore County, Alabama.
“2. Defendant, Marion Wallace, owns or is in possession of the following described property:
Lot 25, Plat B, Broadmore Estates, Mill-brook, Elmore County, Alabama. As same is shown by a plat made by P. J. Jennings, Registered Land Surveyor, dated September 16, 1965 (Revision No. 1, dated April 6, 1966) recorded in the Probate Office of Elmore County, Alabama, in Plat Book 5 at Page 112.
“3. Heretofore, on, to-wit, the 31st day of October, 1973, the indebtedness, hereinbefore described, accrued and is due and owing on an open account.
“4. Heretofore, on, to-wit, the 31st day of October, 1973, the indebtedness, hereinbefore described, accrued and is due and owing on an account stated.
“5. Heretofore, on, to-wit, the 31st day of October, 1973, the indebtedness, hereinbefore described, accrued and is due and owing for work and labor done.”
The defendant in response to this second complaint filed a motion to dismiss. The basis of defendant’s motion is that the actions in both suits are the same and therefore the doctrine of res judicata is a bar to the second suit. The motion was argued before the Circuit Court of Elmore County and the trial court’s order indicates that testimony was taken. The trial judge granted defendant’s motion to dismiss. Hence, this appeal.
Able counsel for plaintiff’s basic contention urging reversal is that an adjudication of the first suit was not a bar to the second suit because the second suit is an action in contract whereas the first suit was an action to enforce a materialman’s lien. We cannot agree.
It is appropriate to note at the outset that to this court the dismissal of the prior suit by the Law and Juvenile Court was an adjudication of the merits, whatever they might be, of that lawsuit. Rule 41(b), ARCP, provides in pertinent part as follows:
“Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.”
As seen from the above facts, the dismissal was clearly an involuntary one.
*193 In McGruder v. B. & L. Construction Company, Inc., Ala., 331 So.2d 257, rendered on April 16 ..of .1976, the Supreme Court of Alabama, speaking through Mr. Justice Merrill, stated the following in discussing the principle of res judicata:
“It has long been the policy in the courts of Alabama to provide a claimant a day in court, but he will not be allowed to continue to relitigate his claim. The underlying principle of res judicata or estoppel by judgment is based upon public policy and necessity, because it is to the interest of the state, that there should be an end to litigation, and that the individual should not be vexed twice for the same cause. Savage v. Savage, 246 Ala. 389, 20 So.2d 784.
“The doctrine of res judicata rests upon the primary principle that matters once adjudicated are settled and determined. Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566; Suggs v. Alabama Power Co., 271 Ala. 168, 123 So.2d 4. Those cases are also authority for the rule that to sustain a plea of res judicata or judgment by estoppel, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point.” (331 So.2d 259)
It is interesting to note that in McGruder the complaint in the first lawsuit was dismissed on motion, as is the case here.
This court in this instance finds as the supreme court did in McGruder that the necessary elements were present in the first case filed in the law and juvenile court. Again, we quote from McGruder as it is applicable to the instant appeal:
“Appellant has had her day in court and the same issues were adjudicated, settled and determined, and that is dispositive of this case. We note that our cases also state that a judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but which could have been litigated in the former suit. Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229; Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576.” (331 So.2d at 259)
As seen from the complaint in the first action filed in the law and juvenile court, and as set out below, a personal judgment could have been rendered if the debt was established even though the lien had not been established. In Crosby v. Hale, 277 Ala. 542, 173 So.2d 85, we find the following:
“The jurisdiction conferred upon courts of equity by § 48, Title 33, supra, being concurrent with a proceeding at law, the complainant may have a general judgment against the contracting owner for the agreed price for the work and material furnished under the contract, though he may not be able to establish the mechanic’s lien under the statute. Floyd v. Rambo, [250 Ala. 101, 33 So.2d 360], supra, and cases cited.” (277 Ala. at 545, 546, 173 So.2d at 88)
We therefore find that the controversy contained in the second suit could have been litigated in the first suit and the trial court did not err in granting defendant’s motion to dismiss.
While the above is dispositive of this appeal, the following in the trial court’s order of dismissal is noted:
“This cause coming on to be heard on motion of the Defendant to dismiss the action, comes the Defendant by his Attorney. Also comes the Plaintiff by his Attorney.
“The Defendant offers evidence in support of his motion to dismiss. In addition to such evidence, it is stipulated by counsel for both sides that the claim attempted to be stated in this cause is based on the same transaction involved in Case No. 249 previously filed by the Plaintiff in the Law and Juvenile Court of Elmore County, Alabama, which case was dismissed by that Court and from which Order of dismissal there was no appeal.”
It therefore appears that evidence was taken before the trial court. Such evidence is not included in the record before this *194 court. We are informed that the testimony was not transcribed.
We call to the attention of those interested this court’s discussion of the relationship between Rule 10, ARAP, and the well settled principle of law that the trial court’s finding and conclusions on the facts will not be reviewed when it affirmatively appears there was evidence before the trial court that is not in the record on appeal. This discussion may be found in Adams v. Adams, Ala.App., 335 So.2d 174 released by this court on June 30, 1976. Our conclusions in Adams, supra, would to this court require affirmance of the instant appeal.
This case is due to be and is accordingly affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.