PER CURIAM.
These plaintiffs/appellants’ first action against the City of Birmingham was dis *931 missed by the circuit court on July 30,1980. On September 11, 1980, they filed notice of appeal in that case. On October 21, 1980, this Court returned the notice of appeal and docket fee in that case, advising that the appeal was untimely.
Thereafter on December 14, 1980, the plaintiffs filed this suit. The complaint in this case is identical to the first, except that it adds “in violation of Article XII, § 235, Alabama Constitution of 1901” in each count. The City filed a motion to dismiss which included the following ground:
The doctrine of res judicata is applicable to this action since it was previously litigated to a conclusion in this court under Case No. CV-80-02340 in which the cause was dismissed and the appeal taken therefrom was dismissed as untimely filed.
The trial court granted the City’s motion to dismiss. We affirm. Res judicata clearly bars this action, which involves identical facts, identical parties, identical subject matter, and resulted in a judgment on the merits. As the Court recently said in McGruder v. B & L Construction Co., Inc., 331 So.2d 257 (Ala.1976):
It has long been the policy in the courts of Alabama to provide a claimant a day in court, but he will not be allowed to continue to relitigate his claim. The underlying principle of res judicata or estop-pel by judgment is based upon public policy and necessity, because it is to the interest of the state that there should be an end to litigation, and that the individual should not be vexed twice for the same cause. Savage v. Savage, 246 Ala. 389, 20 So.2d 784.
The doctrine of res judicata rests upon the primary principle that matters once adjudicated are settled and determined. Irwin v. Alabama Fuel & Iron Co., 215 Ala. 328, 110 So. 566; Suggs v. Alabama Power Co., 271 Ala. 168, 123 So.2d 4. Those cases are also authority for the rule that to sustain a plea of res judicata or judgment by estoppel, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point.
All of these elements were present in the first case, McGruder, 293 Ala. 354, 303 So.2d 103. Appellant has had her day in court and the same issues were adjudicated, settled and determined, and this is dispositive of this case. We note that our cases also state that a judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but [also of those] which could have been litigated in the former suit. Reid v. Singer Sewing Machine Co., 218 Ala. 498, 119 So. 229; Hathcock v. Mitchell, 277 Ala. 586, 173 So.2d 576.
331 So.2d at 259.
The judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.