The plaintiff, First State Bank of Altoona, Alabama, appeals from the granting of a motion to dismiss on the ground that its claim against the defendant, Ray D. Bass, is barred by the doctrine of res judicata. We affirm.
First State Bank of Altoona, as the assignee of two state construction contracts, originally filed suit against Ray D. Bass, in his capacity as state highway director, alleging breach of contract. On May 29, 1981, the trial court granted defendant's motion to dismiss the complaint, ruling that the bank's suit was a claim against the state and, as such, was barred by the doctrine of sovereign immunity. Ala. Const. 1901, Art. I, § 14. The bank appealed, and we affirmed. First StateBank of Altoona v. Bass, 406 So.2d 896 (Ala. 1981).
During the pendency of the first appeal, the bank filed a second suit against the defendant, again claiming breach of the same two construction contracts made the subject of the first complaint. The second suit differed only in that it alleged Bass acted fraudulently, in bad faith, and beyond his authority by agreeing to the assignment of the contracts.
On January 19, 1982, Bass filed a motion to dismiss, which included the following ground:
 "Said complaint is barred by the doctrine of res judicata. On May 29, 1981, this *Page 866 
Court dismissed an action brought by the same Plaintiff, against the same Defendant, based on identical facts and circumstances in CV-81-392-G. The dismissal was appealed by Plaintiff. The Supreme Court of Alabama affirmed the dismissal on December 9, 1981. As the facts and circumstances of the instant case are the same as the prior one, this is a matter which could have been litigated in the prior action. It is thus barred by res judicata."
The trial court granted the defendant's motion to dismiss. We affirm. Res judicata clearly bars this action, which involves identical facts, identical parties, identical subject matter, and resulted in a judgment on the merits. Hester v. City ofBirmingham, 402 So.2d 930 (Ala. 1981).
The doctrine of res judicata rests upon the primary principle that matters once adjudicated are settled and determined.McGruder v. B L Construction Co., Inc., 331 So.2d 257 (Ala. 1976); Irwin v. Alabama Fuel Iron Co., 215 Ala. 328,110 So. 566 (1925). As this Court recently said in Century 21 PreferredProperties, Inc. v. Alabama Real Estate Commission,401 So.2d 764 (Ala. 1981):
 "This doctrine is based on the notion that `[a] party . . . is not at liberty to split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible.' Baltimore Steamship Company v. Vernon Phillips, 274 U.S. 316 [47 S.Ct. 600, 71 L.Ed. 1069] (1926)."
401 So.2d at 768.
To sustain a plea of res judicata, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point.Suggs v. Alabama Power Co., 271 Ala. 168, 123 So.2d 4 (1960). All of these elements were present in the first case between these parties. Appellant has had its day in court, and the same issues were adjudicated, settled, and determined, and this is dispositive of this case. A judgment in a former action between the same parties is not only conclusive of the questions actually litigated, but also of any matter that could have beenlitigated in that prior suit. Owen v. Miller, 414 So.2d 889
(Ala. 1981); Century 21 Preferred Properties, Inc., supra;Hester, supra.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, BEATTY and ADAMS, JJ., concur.