SHORES, Justice.
This is an appeal by the defendants from a summary judgment granted in favor of *822 the plaintiffs who filed an action in ejectment seeking to recover land in the possession of the defendants. The defendants, acknowledging possession, claimed title to the property based upon adverse possession for twenty years. The material facts are undisputed.
The defendants (Stewart) own two lots in the Pinehurst section of Mobile. Since at least 1953, a barbed wire fence has circumscribed an area larger than but including their property. They claim all lands contained within the fence which includes the parcels in dispute. They have no deed to the property claimed, nor have they assessed or paid ad valorem taxes on it.
Plaintiffs (Hamilton) acquired record title to the disputed land in 1977. They assert that the statutory twenty-year period began to run not from 1953, when the defendants originally took possession of the property, but from 1958, when the plaintiffs’ predecessor in title, Emory L. Dueitt, acquired a judicial decree establishing his rights in the land, following the filing of a Bill to Quiet Title in rem. Defendants assert that Dueitt had actual and constructive knowledge of their claim to the land by virtue of the enclosing fence and conversations had with defendants in 1956, but failed to make them parties to the quiet title proceeding.[1] Service by publication was had on all unknown parties purporting to claim an interest in the realty. The verified bill of complaint contained the statutory allegations of “diligent search and inquiry” for the purpose of ascertaining the identity of any such parties.
On appeal, the Stewarts contend that the 1958 decree is void because they were not made parties to the in rem action and should have been because the plaintiff in that action had actual or constructive notice of their possession of the property. That action was brought under Title 7, Article 2, Chapter 32, Code of 1940, now Section 6-6-560, Code 1975. They concede that the complaint in that case contained the statutory averments that:
A bill under this article must be brought against the land. ... It must describe said land. ... It shall also make party or parties respondent to said bill all persons against whom complainant claims title to said lands . . . and if the names of such persons cannot be ascertained by complainant with certainty they may be designated and joined as unknown parties. Such bill shall also make party or parties respondent thereto all persons who are known to complainant to have had possession of said lands or any part thereof within 10 years next preceding the filing of the bill. .
The decree rendered on the complaint in 1958 quieting title to the land in complainant Dueitt contains the following recital:
[T]he complainant made diligent search and inquiry, to ascertain the names, ages and addresses of all persons, firms or corporations who claim or are reputed to claim any right, title, interest, lien or encumbrance upon the lands or any part thereof, and that all unknown parties or parties whose whereabouts are not known were served with notice by publication once a week for four consecutive weeks.

This Court’s decision in Merchants National Bank of Mobile v. Morris, 252 Ala. 566, 42 So.2d 240 (1949), is dispositive of this case. That case, like this one, involved an action of ejectment brought under the same statute under which the case resulting in the 1958 decree was brought, commonly referred to as the Grove Act, Article 2, Chapter 32, Title 7, Code 1940, §§ 1116-1132. The plaintiffs in that case, as in this one, relied upon a decree rendered in a prior in rem action in favor of their predecessor in title. The Court held the prior decree could not be collaterally impeached, saying:
*823 [T]he recital in the decree as to the giving of such notice in a case in which the jurisdiction of the court over the subject matter was invoked by a petition sufficient to that end is conclusive on collateral attack of the giving of such notice unless contradicted by the primary record in the proceeding.
When a judgment rendered by a domestic court of general jurisdiction acting within the scope of that jurisdiction is assailed collaterally every presumption is made in its favor as regards jurisdiction of the subject matter and person of the parties unless the contrary affirmatively appears on the face of the record. .

. [Wjhen the jurisdiction of the court is invoked by a sufficient petition, and the record shows the giving of statutory notice, or the decree so recites, not disputed by other parts of the record, the decree is conclusive on collateral attack and cannot be so assailed by proving an absence of the matter on which jurisdiction depends. [Citations omitted.]
This case turns on the resolution of a question of law. The trial court, therefore, properly granted summary judgment in favor of the plaintiffs. Its judgment is, therefore, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and BEATTY, JJ., concur.

. This contention, standing alone, does not bring this case within the operative effect of Dominey v. Mathison, 292 Ala. 293, 293 So.2d 472 (1974), in which the omitted party in the in rem proceeding held record title, assessed and paid ad valorem taxes. Here, any claim of interest in the subject property by the Stewarts as early as 1956 was totally without factual or legal basis.