This is an appeal from the trial judge's entry of summary judgment for the defendant in an action for indebtedness on a promissory note. The trial court found that the action was barred under the doctrine of res judicata. We affirm.
Educators' Investment Corporation of Alabama was formed as a publicly held stock company in Birmingham, Alabama, in 1955. From its inception, Educators' maintained a company policy of repurchasing its corporate stock from any shareholder who tendered his shares.
William H. Autrey purchased a total of 2,277 shares of common stock of Educators' between November 16, 1970, and October 21, 1974, for a total price of $8,435.34. The corporation awarded an additional 596 shares of dividend stock to Autrey during that period.
In addition to purchasing Educators' common stock, Autrey borrowed $20,000 from Educators' on March 22, 1973, for which a renewal note was executed. It is on the renewal note that Educators' brings this action. Educators' took shares of its common stock owned by Autrey as security on this note.
In the general business recession of 1973-74, the number of shares of Educators' stock offered by its shareholders for redemption by the company dramatically increased and the corporation was unable to meet the demand for redemption. On September 14, 1974, its Board of Directors resolved to redeem no more stock until further action by the board.
A common stock shareholder, Reva W. Allman, on behalf of herself and all others similarly situated, brought suit in the United States District Court for the Northern District of Alabama, Southern Division. Reva W. Allman, et al. v.Educators' Investment Corporation of Alabama, Inc., et al. (CA 76-H-0441-2, N.D.Ala. 1977). Reva W. Allman was a shareholder who had purchased shares of the common stock of Educators' allegedly in reliance upon a commitment by Educators' to repurchase its own stock. When Educators' ceased to repurchase its stock, she brought the action described above. This change of policy and refusal by Educators' to repurchase its common stock was one of the principal claims asserted in this action.
On May 31, 1977, a final judgment was entered by United States District Judge James H. Hancock between the shareholders, as a class, and the corporation, its officers and directors. The final judgment adopted the proposed stipulations of pro tanto settlement which dismissed this issue, along with other matters raised by the shareholders with prejudice and on the merits. The stipulations provided that Educators' would pay 2.5 million dollars to a custodian who would collect and distribute the money to the shareholders. The stipulations also provided that Educators' would have a right of offset against this money on any shareholder who was then or thereafter in default on a loan with Educators'. *Page 538 
On September 2, 1977, Educators' filed the instant case in the Circuit Court of Butler County. One of Autrey's defenses was that the action was barred because the subject matter of the action had been tried in the federal court.
A fair reading of Judge Hancock's decree in the Allman case by us indicates to us that Judge Hancock primarily ruled upon all claims which the stockholders had against Educators' and its officers ". . . based on any acts, omissions or representations of the Settling Defendants in connection with the offer and sale of stock of Educators'. . . ." In his decree Judge Hancock expressly authorized and approved the stipulations of pro tanto settlement entered into by the parties in that case. The stipulations expressly adopted a plan of offset that could be employed in the event a stockholder with indebtedness to Educators' was in default:
 Said instruments of conveyance and transfer shall further provide that Educators shall have a direct right of offset against payments which may thereafter become due and payable from the Settlement Fund to any person whose indebtedness to Educators is then or thereafter in default. Educators shall be entitled to exercise such right of offset by giving written notice to the custodian of the Settlement Fund and the person whose indebtedness is in default, which notice shall contain a sworn statement of the amount due and owing to Educators. The Custodian of the Settlement Fund shall notify the person whose indebtedness is claimed to be in default of the claim of Educators. Unless objection is received by the Custodian within ten days from the date of such notice, the custodian shall immediately pay directly to Educators any and all amounts which may become due and payable to such person from the Settlement Fund, until the amount due and owing to Educators is paid in full. In the event objection is received by the Custodian to such payment, the Custodian shall retain all sums otherwise due such person until given a release of such funds by Educators, by the person against whom the claim is made or until Educators provides the Custodian with a certificate of judgment in favor of Educators and against the person against whom the claim is made. "Indebtedness" as used in this Settlement shall not include indebtedness incurred in connection with the purchase of common stock of Educators.
It is axiomatic that ". . . to sustain a plea of res judicata, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point." Bryan v. W.T. Smith LumberCo., 278 Ala. 538, 542, 179 So.2d 287, 291 (1965).
In the instant case, the parties are the same. Autrey was a member of the class that settled with Educators'.
The subject matter was the same. It is not contended that the debt in the instant case is of a different type than that to which Educators' was given a right of offset in the stipulations.
The point in question in the instant case and those ruled on in Allman are not identical. However, in the settlement stipulations, the federal court went into some detail on the options open to Educators' in the event of a default on an indebtedness by one of its shareholders. In particular, the stipulations provided for the election by Educators' to offset a debt owed by a shareholder against monies payable to the shareholder from the Settlement Fund. Although it is argued that the stipulations did not expressly address the precise question whether the setoff remedy was to be exclusive, under our cases dealing with res judicata, that argument, even if valid, is not determinative. The proper inquiry is whether the issue was actually litigated or whether it could have been
litigated. See Wheeler v. First Alabama Bank, Ala.,364 So.2d 1190 (1978). As we stated in McGruder v. B L ConstructionCo., Ala., 331 So.2d 257 (1976):
 [A] judgment in a former action between the same parties is not only conclusive of *Page 539 
the questions actually litigated, but [of those] which could have been litigated in the former suit. . . . [Emphasis added.]
Earlier, in McCormick v. McCormick, 221 Ala. 606, 130 So. 226
(1930), this Court observed:
 A judgment of a court of competent jurisdiction rendered on the merits is conclusive between the parties as to all matters within the issues, matters which the issues were broad enough to cover, and which were presented or might have been presented on the trial. . . .
In this case, it is clear from the documents that were before the trial court that there was no genuine issue for trial. Because the issue of the corporation's remedies for indebtedness was before the trial court in the prior suit between the same parties and because the specific question of exclusivity at least could have been determined, we hold that the trial court properly granted summary judgment on the resjudicata ground. That judgment is, accordingly, affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., and MADDOX and SHORES, JJ., dissent.
BLOODWORTH, J., not sitting.