The Court agrees with the argument of the cross-appellants, the Alabama Real Estate Commission, its executive director and *Page 771 
the individual members thereof, that the trial court erred in holding that plaintiffs' suit as against these defendants was not barred by an application of the doctrine of res judicata.
Even a cursory examination of this rule of law as applied to the facts of this case reveals that it has no application to the instant proceeding.
In this dissent, I will make a brief statement of the facts and will then state what principles of law I think are applicable.
In the Mobile federal court litigation, federal questions concerning the validity of the Commission's "50:50" Ratio Rule were raised by a number of parties plaintiff, none of whom participated in the instant action. The plaintiffs in the federal suit were Century 21 Real Estate Corporation; Century 21 Real Estate of the South, Inc.; Century 21 Cliff Homes, Inc.; Martin S. Sternberg, d/b/a CENTURY 21 ALA "1"; Century 21 Wildman Realty, Inc.; and Century 21 Jordan Cooper Realty, Inc. Century 21 Real Estate Corporation is, of course, the originating franchisor organization of the Century 21 system. Century 21 Real Estate of the South, Inc., is the regional franchising entity and is the entity by which Century 21 franchises are actually marketed and serviced. The remaining plaintiffs in the federal court litigation were individual Century 21 franchisees, licensed as such by the Commission to broker real estate within the State of Alabama. None of theparties plaintiff presently before this Court was a party tothe federal litigation, nor did any of these parties plaintiffparticipate in any manner in the federal court litigation.
On August 18, 1979, United States District Judge Virgil Pittman entered an order dismissing the complaint filed by the federal court plaintiffs. This order of dismissal was entered pursuant to an agreement reached between all parties to that suit which provided, in substance, that the action would be stayed pending disposition by the United States Supreme Court of a case on appeal to that Court from a Nevada district court. The Nevada litigation involved issues similar to those raised in the Mobile federal court suit, all of which pertained to questions of federal law. The parties also agreed that the disposition of the Nevada appeal by the United States Supreme Court would govern the action pending in Mobile. Hence, when the Nevada decision in favor of the validity of a similar regulation was summarily affirmed, Judge Pittman entered his order of dismissal. However, as previously stated, none of theplaintiffs in the present case was a party to the federal courtlitigation nor in privity with any of the parties in that suitwithin the purview of the doctrine of res judicata. Moreover,none of these parties plaintiff consented to a resolution ofany action that they might have had against the Commission as aconsequence of its promulgation of the "50:50" Ratio Rule onthe basis of the disposition by the United States Supreme Courtof the appeal emanating from a Nevada district court.
The elements of the doctrine of res judicata have been precisely defined by this Court. In Wheeler v. First AlabamaBank of Birmingham, 364 So.2d 1190 (Ala. 1978), this Court said:
 The elements of res judicata are as follows: (1) prior judgment rendered by court of competent jurisdiction; (2) prior judgment rendered on the merits; (3) parties to both suits substantially identical; and (4) same cause of action present in both suits.
Id. at 1199. See also Dominey v. Mathison, 292 Ala. 293,293 So.2d 472 (1974).
As the foregoing summary of the factual predicate for the Court's opinion indicates, it is quite apparent that there are at least two independent reasons why the doctrine of res judicata has no application to the instant case. First, there is a total absence of the requisite identity of parties or privity as between these plaintiffs and the parties by whom the federal court litigation was maintained. Second, the bar of res judicata only applies to issues which were or could have been litigated in the prior case.
As a general rule, the preclusive effect of the doctrine of res judicata is applicable *Page 772 
only to the parties to prior litigation and their privies. See,e.g., Dominey v. Mathison, supra; Parklane Hosiery Co., Inc. v.Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). Privity, as used in this context, is said to denote a "mutual or successive relationship to the same right of property."Towns Truck Lines v. Cotton State Express, 266 Ala. 131,94 So.2d 402 (1957). See also Brown v. Terry, 375 So.2d 457 (Ala. 1979); Suggs v. Alabama Power Company, 271 Ala. 168,123 So.2d 4 (1960). Clearly, the plaintiffs in the instant proceeding were not parties plaintiff in the federal court litigation, and under the facts of this case, I would reject the arguments that there was a substantial identity of parties, virtual representation of these plaintiffs by the plaintiffs in the federal litigation, and control of the state court litigation by the federal court plaintiffs.
The record reflects that the only nexus between most of theplaintiffs in the instant action and the plaintiffs in thefederal court litigation is their common affiliation with theCentury 21 franchise system. Even this tenuous link does not exist with respect to Lynn Clowers Real Estate Company, Inc., who is a Realty World franchisee, not a Century 21 franchisee. Moreover, with regard to the Century 21 plaintiffs, the fact remains that the business of each of these plaintiffs isindependently owned and operated. The essence of the agreement between these parties plaintiff and the regional franchising entity is that of a lease of the Century 21 service mark. That is, for a stated consideration, these plaintiffs are authorized to utilize the Century 21 service mark and name for a specified term. Consequently, in light of the relationship illustrated by the contractual agreement made by the parties in this case, the plaintiffs in the instant proceeding were not in res judicata — privity with the plaintiffs in the federal court litigation, and this Court's conclusion to the contrary, I believe, is erroneous.
A second, equally compelling and independent, reason was present here for the rejection by this Court of the Commission's res judicata argument. It is well settled that the bar of res judicata extends only as to issues which were actually litigated or which could have been litigated in the prior action. The state law issues presented in the instant proceeding could not, as a matter of law, have been resolved by District Judge Virgil Pittman.
There is no question that federal courts are courts of limited jurisdiction and that, as such, they are empowered to hear only those cases within the jurisdiction conferred upon them by the Constitution or by Congress. In contrast, the circuit courts of the State of Alabama are courts of general, not limited jurisdiction. As a general proposition, federal courts cannot decide state law issues unless complete diversity of citizenship exists as between the plaintiffs and the defendants. Clearly, in the federal court litigation, diversity of citizenship did not exist. The Commission argues that under the doctrine of pendent jurisdiction, the federal court's jurisdiction could have been expanded, in spite of the absence of diversity, so as to comprehend the state law issues asserted by these plaintiffs in the instant proceeding. Under the facts of this case, such an application of the doctrine of pendent jurisdiction would have been without legal support.
A leading case on the subject of pendent federal jurisdiction in the context of the defense of res judicata is the decision of Pope v. City of Atlanta, 240 Ga. 177, 240 S.E.2d 241 (1977). In that case, the plaintiff originally brought a federal suit, challenging the Metropolitan River Protection Act on federal constitutional grounds. The federal court action was dismissed and the very same plaintiff then brought suit in the state court asserting that the act was violative of the Georgia Constitution. The trial court held a portion of the plaintiff's complaint to be barred by the doctrine of res judicata. On appeal, the Supreme Court of Georgia held as follows:
 The doctrine of res judicata involves prior litigation by the same parties on the same subject matter in a court of competent jurisdiction as to all issues which *Page 773 
were raised or which could have been raised. Code Ann. § 110-501; Price v. Ga. Industrial Realty Co., 132 Ga. App. 107, 207 S.E.2d 556 (1974). Where state claims which "could have been raised" in the federal litigation would have been pendent had they been presented to the federal court, this court, in applying its res judicata statute, will use the same rules that the federal court would have used in determining whether it would exercise pendent jurisdiction. If the federal court would have retained jurisdiction of the pendent state claims had they been raised, then a subsequent suit in state court would be barred by res judicata; if the federal court would have refrained from exercising its pendent jurisdiction over the state claims, then the subsequent suit in the state court would not be barred by res judicata. In so doing, we conclude that the state issues in this case "substantially predominate" and would most likely have been left for state resolution had they been presented to the federal court. United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.E.2d 218
(1966). Therefore, now that these important state issues are before the state courts, we will not apply our res judicata statute to bar this litigation.
Id. at 243.
There can be little doubt that the rationale of the Pope case should apply with equal, if not more, force to the facts of the instant case. The reason that a Pope result is even more compelling here is that in Pope there was a complete identity of parties to the federal and state cases. Here, as previously shown, identity of parties is undeniably lacking. Moreover,Pope stands for the proposition that state law issues were not and could not have been litigated in the prior federal court action.
Based on all of the foregoing reasons, I must respectfully dissent.
FAULKNER and EMBRY, JJ., concur.