571 So.2d 1065 (1990)
Arthurine SASHINGER
v.
Lonnie B. WYNN.
89-551.
Supreme Court of Alabama.
November 2, 1990.
Ronnie L. Williams, Mobile, for appellant.
Harold Lee Odom, Chatom, for appellee.
ADAMS, Justice.
Mrs. Arthurine Sashinger appeals from a judgment holding that an existing fence between her property and the property of Lonnie B. Wynn is the true dividing line between their two parcels of land. The trial court further ordered that the fence line be surveyed and that judicial markers be placed at the end of the fence to reflect the new dividing line. We affirm.
The record reveals the following relevant facts: Arthurine Sashinger was raised, and *1066 has spent most of her life, in Washington County, Alabama, on or near what was referred to as the Holcombe tract. She has actually resided on the Holcombe tract for the past 15 years. Portions of this large tract were periodically sold so that the tract is now owned by several landowners. Lonnie B. Wynn purchased his portion of the Holcombe tract in 1963 from John E. Henson, Jr. At that time, a fence surrounded the property that was not described in the deed to Wynn. However, Wynn believed that the fence was the true dividing line and that he owned the land inside its border. Virtually all of the surrounding landowners also considered the fence to be the true dividing line and that the land inside the fence belonged to Wynn. While the record is not clear on when the fence was erected, the surrounding landowners cannot remember a time when it was not there. From the time he purchased the land in 1963, Wynn has maintained the fence and has cultivated the land inside its borders. Until 1986, no one had ever disputed Wynn's possession of the land inside the fence or asserted a claim against the property.
In 1986, the remainder of the Holcombe tract was divided among several persons by a final judgment in the case of J.C. Skinner v. Elzadie Holcombe, et al., Case No. CV-81-034(P) (Washington County Circuit Court). Sashinger was awarded two parcels in that judgment. Pursuant to that judgment, a survey of the land was conducted. The survey revealed that the fence line separating Sashinger's property and Wynn's property was not the dividing line described in Wynn's deed. Apparently, the fence bore no relationship to the property line described in Wynn's deed. Until this point, no one in the community, including Sashinger, had ever questioned that the fence was the true property line or that the land inside the fence belonged to Wynn. However, once the surveyor's marks were placed, Sashinger noticed that the fence encroached onto one of her newly acquired parcels.
On October 9, 1987, Sashinger filed an action to resolve the boundary dispute. She asked the trial court to judicially establish the boundary between her property and Wynn's property. Wynn, in his answer and counterclaim, asserted that he held title to the land inside of and up to the fence by adverse possession. He maintained that he and his predecessors had been in adverse possession for more than 20 years and that the land inside the fence had been enclosed by the fence for more than 20 years.
The case was heard without a jury. After hearing the evidence, the trial judge ruled that the fence line represented the true dividing line between the parcel owned by Wynn and the parcel owned by Sashinger. The judge held that Wynn had acquired title to the land up to the fence by adverse possession. Sashinger now asks this Court to reverse the findings of the trial court.
Sashinger's sole argument on appeal is that even though Wynn may have established title to the land inside the fence by adverse possession, he was divested of title in 1986 as a result of the final judgment in J.C. Skinner v. Elzadie Holcombe, Case No. CV-81-034(P), which awarded her the property in dispute. We disagree. At the outset, we note that this Court has held repeatedly that the findings made by a trial court carry with them a presumption of correctness under the ore tenus rule. As we stated in Bell v. Jackson, 530 So.2d 42, 44 (Ala.1988):
"When evidence is presented ore tenus in a boundary line dispute, the trial court's judgment establishing the boundary is presumed correct and need only be supported by credible evidence. Hodge v. Snider, 495 So.2d 539 (Ala.1986). The ore tenus rule, which on appeal accords a presumption of correctness to a trial court's findings, is particularly strong in boundary line disputes and adverse possession cases...."
In the present case, the trial judge heard the evidence presented and found that the true boundary line between Wynn's land and Sashinger's land was the fence. He held that Wynn had acquired title to the land inside and up to the fence by adverse *1067 possession. This finding is amply supported by credible evidence. At trial, virtually all surrounding landowners testified that the fence had been there as long as they could remember. Further, the community regarded the fence as the dividing line and the land inside the fence as belonging to Wynn. We hold that the trial judge's findings were supported by overwhelming evidence and were correct.
Wynn's claim of adverse possession is supported under either of two methods of adverse possession recognized by this Court. First, because Wynn had possessed the land for 23 years with the belief that he owned it, he clearly met the traditional 20-year possession period for prescriptive adverse possession. Moreover, the community, including Sashinger, regarded the land as his. Second, this Court has consistently held that where a case involves a boundary dispute between coterminous landowners, title may be acquired by an adverse possession period of only 10 years. In McNeil v. Hadden, 261 Ala. 691, 694, 76 So.2d 160, 162 (1954), we stated:
"If a coterminous landowner holds actual possession of the disputed strip under a claim of right openly and exclusively for a continuous period of ten years, believing that he is holding to the true line, he thereby acquires title up to that line, even though the belief as to the correct location originated in a mistake...."
One claiming by adverse possession must show, in addition to the fact that he has held the land for 10 years, all of the traditional adverse possession elements of open, hostile, notorious, continuous, and exclusive possession. Wynn has clearly satisfied the requirement of a 10-year holding period, as well as the traditional elements of adverse possession. Wynn's possession of the land inside the fence has continued for 23 years. Moreover, the use and maintenance of the fence and the land inside the fence had been so open and notorious that the surrounding landowners unequivocally recognized that the land belonged to Wynn. See Mardis v. Nichols, 393 So.2d 976 (Ala. 1981); Carpenter v. Huffman, 294 Ala. 189, 314 So.2d 65 (1975) (coterminous landowner may acquire title by the exercise of adverse possession for a period of 10 years); Johnson v. Brewington, 435 So.2d 64 (Ala.1983) (boundary line disputes are hybrids subject to a unique set of requirements and only a 10-year period of possession); Lay v. Phillips, 276 Ala. 273, 161 So.2d 477 (1964); Cambron v. Kirkland, 287 Ala. 531, 253 So.2d 180 (1971). Thus, under either the traditional 20-year holding period or the hybrid "coterminous boundary" 10-year holding period, Wynn has acquired title to the land up to the fence line.
Sashinger argues that title acquired through adverse possession may be lost just as title to any other property may be lost. Specifically, she argues that the final judgment in J.C. Skinner v. Elzadie Holcombe divested Wynn of his title in the land inside of and up to the fence. While Mrs. Sashinger is correct that a final judgment may divest title, the final judgment in the Skinner case did not have that effect.
Under either theory of adverse possession applicable to this case, the traditional prescriptive theory or the "coterminous boundary" theory, Holcombe lost title to the land in question to Wynn by adverse possession before the court in Skinner purported to give it to Mrs. Sashinger. Applying the traditional prescriptive 20-year holding period, Wynn acquired title in 1983, and, applying the "coterminous boundary" 10-year holding period, Wynn acquired title in 1973. Therefore, as the land did not belong to Holcombe at the time of the final judgment in Skinner and was no longer part of the Holcombe tract, the circuit court's final judgment had no effect on Wynn's title.
For the reasons set out in this opinion, the judgment of the circuit court is affirmed.
AFFIRMED.
MADDOX and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially.
STEAGALL, J., concurs in the result.
HOUSTON, Justice (concurring specially).
Ms. Sashinger contends that Wynn's title to the disputed property was divested out *1068 of him and into her by the 1981 court judgment in which she was awarded certain property, purportedly including the strip in dispute. There is nothing in the record that shows that Wynn was a party to the 1981 proceeding. Ms. Sashinger further contends that even if Wynn would have been an indispensable party to the 1981 proceeding, but was not made a party, the court proceeding divested him of any interest in the disputed strip of land. This is not correct. See Dominey v. Mathison, 292 Ala. 293, 293 So.2d 472 (1974).